DA 13-0728

FILED

October 7 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 270N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

KERI ANN DANIELS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 12-16
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Johnna K. Baffa; Van de Wetering & Baffa, P.C.; Missoula, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General; Katie F. Schulz, Assistant
Attorney General; Colin Phelps, Legal Intern; Helena, Montana

      Fred Van Valkenburg, Missoula County Attorney; Shaun Donovan,
Deputy County Attorney; Missoula, Montana

Submitted on Briefs:  September 17, 2014
Decided:  October 7, 2014

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Keri Ann Daniels (Daniels) pled guilty to driving under the influence of alcohol, but reserved her right to appeal the order of the Fourth Judicial District Court, Missoula County, denying her motion to suppress.

¶3 On December 30, 2011, Missoula City Police Officer Camia Fiscus (Officer Fiscus) was patrolling Seventh Street in Missoula, Montana. Officer Fiscus had been assigned to patrol the area due to a number of night-time vehicle break-ins. At approximately 3:00 a.m., while on Seventh Street facing east, Officer Fiscus observed Daniels's vehicle traveling on Johnson Street. Officer Fiscus estimated that Daniels's vehicle was traveling at least 10 miles per hour in excess of the posted speed limit. Officer Fiscus also noted the road conditions were "exceedingly slick" as snow had fallen on an already icy roadway.

¶4 Officer Fiscus initiated pursuit of Daniels's vehicle, although she did not immediately activate her vehicle's overhead lights. Officer Fiscus followed Daniels for over 14 blocks, during which time, she observed Daniels make several very erratic turns, never slow down, and initiate more turns than were apparently necessary. Officer Fiscus activated her vehicle's emergency lights and pulled over Daniels's vehicle about a block

2

away from Daniels's ultimate destination. Daniels was subsequently arrested for driving while under the influence of alcohol.

¶5 At the suppression hearing, the District Court heard testimony from Officer Fiscus and viewed the on-board video made of the pursuit. Officer Fiscus stated that, based on the road conditions and Daniels's driving, she could have cited Daniels for two possible driving offenses: careless driving in violation of § 61-8-302, MCA, and, a speeding violation under § 61-8-303, MCA. Officer Fiscus offered that, as the pursuit continued, she started to suspect that Daniels was impaired and might be attempting to elude her. At the time of the stop, Officer Fiscus had served as a law enforcement officer for over 16 years and received specialized training in estimating vehicle speeds. Officer Fiscus testified her estimates of vehicle speeds are "usually no more than two miles an hour off."

¶6 The District Court entered findings of fact and conclusions of law. The court found that "a very experienced officer observed three possible traffic violations, a car driving erratically, appearing to elude her, at 3:00 AM in the morning after bars had closed, in dangerous driving conditions in an area that had been experiencing significant criminal activity." The court concluded that "[t]hese are all objective observations and specific facts that support a conclusion that Officer Fiscus had particularized suspicion for the traffic stop."

¶7 Daniels argues that substantial evidence does not support the District Court's determination that there was particularized suspicion for the investigative stop of her vehicle. She argues that the District Court erred by not "view[ing Officer Fiscus's testimony] with suspicion." Daniels offers that Officer Fiscus noted only limited

3

information in her report and it was not until the "suppression hearing seven months later" that "Officer Fiscus suddenly could articulate more reasons she stopped the vehicle such as slick road conditions, speeding, and that the vehicle appeared to be eluding the officer."

¶8 However, this Court does not reweigh evidence or substitute our evaluation of the evidence for the District Court. *State v. Wagner*, 2013 MT 159, ¶ 15, 370 Mont. 381, 303 P.3d 288. "The trial court is in the best position to evaluate the credibility of witnesses with the benefit of live testimony, to become intimately familiar with the details of the case and to weigh the value of evidence." *State v. Kaufman*, 2002 MT 294, ¶ 12, 313 Mont. 1, 59 P.3d 1166.

¶9 The District Court examined the totality of the circumstances and found sufficient evidence existed to establish particularized suspicion. The court listened to Officer Fiscus's testimony, reviewed the pertinent details in Officer Fiscus's report, and watched Officer Fiscus's on-board video of the pursuit. The court did not find a discrepancy between Officer Fiscus's testimony and her report, but, rather, noted that the on-board video corroborated portions of Officer Fiscus's testimony.[1] Officer Fiscus testified that she first observed Daniels's vehicle at around 3:00 a.m. Daniels's vehicle seemed to be speeding on roads that were "exceedingly slick." Upon following Daniels, Officer Fiscus observed Daniels appear to elude her and make several "very erratic turns." These objective and articulable facts substantiate Officer Fiscus's suspicion that Daniels might

---

[1] Specifically, the court noted, "The video further shows that at some of the intersections, the SUV, based on the tracks in the snow, appears to have made very wide turns coming close to the edge of the streets."

4

have been impaired. Additionally, Officer Fiscus's testimony as well as the in-car video also substantiate that Daniels may have violated §§ 61-8-302 and -303, MCA. Therefore, the District Court, upon accepting Officer Fiscus's testimony as credible, correctly determined Officer Fiscus had a particularized suspicion to justify the stop of Daniels's vehicle.

¶10   We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are factual and the District Court's findings of fact are supported by substantial evidence.

¶11   Affirmed.


/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA

5